**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000539
31-DEC-2012
09:11 AM**

NO. CAAP-12-0000539

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

U.S. BANK, N.A., AS TRUSTEE FOR THE
REGISTERED HOLDERS OF HOME EQUITY ASSET TRUST 2004-1,
HOME EQUITY PASS-THROUGH CERTIFICATE SERIES 2004-1,
Plaintiff/Counterclaim-Defendant/Appellee,
v.
JEWEL DELMAR MOORE,
Defendant/Counterclaim-Plaintiff/Appellant,
AND
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;
MILLENIUM FUNDING GROUP, et al., Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 09-1-348K)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that we lack jurisdiction over this appeal that Defendant/Counterclaim-Plaintiff/Appellant Jewel Delmar Moore (Appellant Moore) has asserted from the Honorable Ronald Ibarra's May 3, 2012 judgment, because the May 3, 2012 judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2011), Rules 54 and 58 of the Hawai'i Rules of Civil Procedure (HRCP), and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals in civil matters from all final judgments, orders, or decrees of the circuit courts. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore, "an appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. When a party seeks appellate review of an order that adjudicates one or more but fewer than all of the claims, the "party cannot appeal from [the] circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order must be reduced to a judgment and the [HRCP Rule] 54(b) certification language must be contained therein." Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994). In addition,

> if a judgment purports to be the final judgment in a case involving <u>multiple claims</u> or multiple parties, <u>the judgment</u> (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) <u>must (i) identify the claims for which it is entered</u>, and (ii) dismiss any claims not specifically identified[.]

<u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (emphases added).

> <u>For example: "Pursuant to the jury verdict entered on (date), judgment in the mount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint.</u>" A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

<u>Id.</u> at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphasis added).

Finally, under HRCP Rule 54(b),

> the power of a lower court to enter a certification of finality is limited to only those cases where (1) more than one claim for relief is presented or multiple parties (at least three) are involved, . . . and (2) <u>the judgment entered completely disposes of at least one claim or all of the claims by or against at least one party</u>.

<u>Elliot Megdal and Associates v. Daio USA Corporation</u>, 87 Hawai'i 129, 133, 952 P.2d 886, 890 (App. 1998) (citations omitted; emphasis added). When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i has explained that

> [i]f we do not require a judgment that resolves <u>on its face</u> all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

<u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis).

Although the parties in this case have asserted multiple claims through Plaintiff/Counterclaim-Defendant/Appellee U.S. Bank, N.A., as Trustee for the Registered Holders of Home

Equity Asset Trust 2004-1, Home Equity Pass-Through Certificates, Series 2004-1's (Appellee U.S. Bank), August 25, 2009 complaint for foreclosure and Appellant Moore's April 20, 2011 counterclaim asserting four separate and distinct counts, the May 3, 2012 judgment does not, on its face, specifically identify the claim or claims on which the circuit court intends to enter judgment. Instead, the May 3, 2012 judgment vaguely enters judgment in favor of Appellee U.S. Bank and against Appellant Moore. The May 3, 2012 judgment neither expressly enters judgment on all claims nor identifies the specific claim or claims on which the circuit court intends to enter judgment. Therefore, the May 3, 2012 judgment does <u>not</u> satisfy the requirements for an appealable judgment under HRS § 641-1(a), HRCP Rule 54(b), HRCP Rule 58, and the holding in <u>Jenkins</u>. Absent an appealable final judgment, we lack appellate jurisdiction and Appellant Moore's appeal is premature. Accordingly,

IT IS HEREBY ORDERED AND DECREED that appellate court case number CAAP-12-0000539 is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawaiʻi, December 31, 2012.

Presiding Judge

Associate Judge

Associate Judge